Cole v. Haynes et al.

MORTON COLE v. JOSHUA HAYNES AND NORMAN HAYNES.

Land does not pass as a mere appurtenance to other land; and consequently no portion of a highway, adjoining upon land conveyed, will be conveyed, unless the instrument of conveyance can, by reasonable construction, be made to include it.

Where land adjoining upon a highway was levied upon, and the second line in the description defined the eastern boundary as extending from a certain point north nineteen degrees west, three chains and seventy five links, " *to the road,*" and the northern limit was then described as running south thirty three degrees west, " *in the line of the road,*" three chains and fifteen links, and thence the closing line run south six degrees west, eighty two links, to the place of beginning, it was held, that the levy did not include any portion of what was then recognized as the highway.

EJECTMENT for land in Williston.   Plea, the general issue, and trial by jury, March Term, 1849,—BENNETT, J., presiding.

On trial the plaintiff, among other testimony to prove his title to the demanded premises, gave in evidence the record of a judgment in favor of Moses Catlin against Daniel Hurlburt, and the levy of an execution, which issued theron, upon several parcels of land, as the property of Hurlburt, and conveyances to himself, from Catlin, of the land so levied upon.   The third parcel of land levied upon was described in the officer's return in these words ;—" Beginning at the " north west corner of a piece of land owned by Joshua Haynes, at " a notch in the fence on the east side of the road leading to Hub-" bell's falls ; thence south eighty six degrees east, on said Haynes' "line, three chains; thence north nineteen degrees west, on said " Haynes' line, three chains seventy five links, to the road ; " thence south thirty three degrees west, on the line of the road, " three chains and fifteen links; thence south six degrees west, " eighty two links, to the place of beginning."   It became material to determine, whether the third parcel of land, so levied upon, extended to the centre of the highway mentioned in the description ; and the court charged the jury, that the land conveyed by the levy was limited by the side of the highway, as fenced and used by the public, and that Catlin did not, by his levy, acquire title to any portion of the road fenced and used as such, but the title to the same remained in Hurlburt.

Verdict for defendants.   Exceptions by plaintiff.

Cole *v.* Haynes et al.

*A. Peck* for plaintiff.

It is a well settled rule of construction, that a line, described as running to a stream, not navigable, or to a highway, extends to the centre of such object; and when, by any language, the line in fact goes to such object, it is, by legal construction, carried to the centre, unless limited to the margin by the most clear and explicit language. The description of the third course,—"thence south thirty three degrees west, in the line of the road, three chains and fifty links, is consistent with this construction of the second course. The words *"to the road"* fix the termination of the second line, and therefore the commencement of the third line, at the *centre of the road;* and the words *"line of the road,"* in the description of the third line, are used to give the *direction,* but not to change the *location,* of that line. This is the only construction, that reconciles all parts of the description. 3 Kent 432. *Peck* v. *Smith,* 1 Conn. 103. *Chatham* v. *Brainard,* 11 Conn. 60. *Lunt* v. *Holland,* 14 Mass. 149. 12 Johns. 255. *King* v. *King,* 7 Mass. 496. *Stiles* v. *Curtis,* 4 Day 329. *Grose* v. *West,* 7 Taunt. 39, [2 E. C. L. 19.] The same rules of construction apply to a levy, as to a deed. *Waterhouse* v. *Gibson,* 4 Greenl. 230.

*J. Maeck* and *Smalley & Phelps* for defendants.

The opinion of the court was delivered by

Royce, Ch. J. The plaintiff seeks in this action to recover land formerly included in a highway. He derives his alleged title under the levy of an execution, made in 1831, and while the road, or highway, was in use as a public thoroughfare. The question in dispute is, whether the levy operated to pass a title in any portion of the highway; and it arises upon the descripton of the third tract of land taken by the levy. The second line in that description extends the eastern boundary from a certain point north, nineteen degrees west, three chains and seventy five links, *to the road;* the northern limit is then described as running south thirty three degrees west, *in the line of the road,* three chains and fifteen links,—and thence the closing line runs south, six degrees west, eighty two links, to the place of beginning. It is contended by the plaintiff, that the line here given, as running to the road, must be taken to have ex-

tended to the centre of the road; and that the next boundary given, being the line of the road, must be understood to mean the centre line of the road. The defendants insist, that the expression *to the road* means to the southern line or margin of the road, and that the same line or margin is intended by *the line of the road;* so that the highway, as then fenced out and used by the public, was wholly excluded.

It is unquestionably the ordinary presumption and inference of law, that the soil of highways, and the beds of fresh water streams not navigable, belong to the adjoining proprietors. And hence if one convey land as being bounded by a highway, or by such a stream, it will usually be intended, that he parts with his interest to the centre of the highway, or stream. The presumption is not, however, an invariable and conclusive one. For it is certain, that a party, in such a case, may so describe and limit the subject of his grant, as to constitute the highway, or stream, a boundary, without passing any portion of either by the conveyance. And whether this has been done in a given case will depend on the manner, in which the granted premises are described. Land does not pass as a mere appurtenance to other land; and, consequently, no portion of the highway, or stream, will be conveyed, unless the instrument of conveyance can, by reasonable construction, be made to include it. Where the owner of land conveys it by his deed, all general and ambiguous expressions are to be construed so as rather to enlarge than to restrict the conveyance. If, therefore, the conveyance is in terms extended *to* a highway, or bounded *on* or *by* a highway, with nothing to render the intention of the grantor more definite and certain, the grantee will take his interest to the centre of the highway, and this for obvious and satisfactory reasons;—first, because such terms of description may be applied as well to the centre as to the edge or margin of the highway, and no intention distinctly appears to exclude the grantee from that interest in the highway, which an adjoining proprietor is generally understood to have; and secondly, because courts are bound to give this operation to deeds in such cases, whenever their terms will permit, on account of the manifest inconvenience of having the sites of discontinued highways left as gores, and owned by others than the proprietors on either side.

It is urged, that the same construction should be given to the de-

scriptive words in the levy of an execution, as to those in a deed of the party. In the former case, however, the words of description used are not those of the judgment debtor, but of third persons, over whom he has no control. And it would therefore seem, that a construction operating to his prejudice, if to result from ambiguity of description, ought not to be admitted.

But, without attributing to this distinction any decisive influence in the present case, we are convinced, that the levy in question should not be understood to have included any portion of what was recognized as the highway. Those concerned in making the levy were careful to limit the land taken by very exact admeasurements; and if the second line actually extended to the centre of the road, it was the officer's duty to certify the fact in express terms. Uniform practice, under like circumstances, would require this. And if the third line was really the centre of the road, there was equal necessity for so describing it. The line of a road, in reference to adjoining land, is universally taken to denote a side line, unless something appear, which clearly shows it to be otherwise. In reference to the course of the road, it may well be taken to mean the centre line. We think the only just or probable conclusion is, that the levy in this instance did not extend into the known highway.

Judgment of county court affirmed.